summary judgment declaring that (1) the Village of North Syracuse had a direct cause of action against defendant for benefits it had paid Kerr (see General Municipal Law, § 207-c, subd. [6]), (2) the compensation carrier has a lien upon any verdict or settlement obtained from defendant Rice (Workmen's Compensation Law, § 29, subd. [1]), and (3) the plaintiff may prove his special damages and lost earnings in the personal injury action. In bringing this declaratory judgment action plaintiff has chosen the wrong remedy. The plaintiff is seeking a premature ruling on evidentiary and substantive matters which should be resolved in his personal injury action and not preliminarily in a collateral action (*Long Is. Light. Co. v. Maltbie,* 262 App. Div. 376, affd. 287 N. Y. 691). The trial court, in the proper exercise of its discretion, should have denied the motion for summary judgment and dismissed the complaint. (Appeal from judgment of Onondaga Special Term in declaratory judgment action.) Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■ BARBARA A. BRENNER, Appellant, v. NORMAN S. SCHRUTT, Respondent. (Appeal No. 1.) — Order unanimously reversed, without costs, and matter remitted to Supreme Court, Erie County, for further proceedings in accordance with memorandum: The application to increase support payments for the children upon alleged change of circumstances, based upon conflicting affidavits, requires a hearing as requested by both parties. It is incumbent upon plaintiff to show a substantial change of circumstances not within the contemplation of the parties at the time of the entry of the decree (see *Paget v. Paget,* 36 A D 2d 813). (Appeal from order of Erie Special Term in application to modify judgment of divorce.) Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■ BARBARA A. BRENNER, Appellant, v. NORMAN S. SCHRUTT, Respondent. (Appeal No. 2.) — Appeal unanimously dismissed. The order denying reargument is not appealable. (Appeal from order of Erie Special Term denying motion for reargument.) Present — Marsh, P. J., Cardamone, Simons, Goldman and Del Vecchio, JJ.

■ DOROTHY T. ROMANO, Appellant, v. ANTHONY L. ROMANO, Respondent.— Order unanimously reversed, without costs, and matter remitted to Supreme Court, Onondaga County, to determine the issues raised by the order to show cause. Memorandum: There was no application before the court to modify the decree of divorce. (Appeal from order of Onondaga Trial Term amending decree of divorce.) Present — Moule, J. P., Cardamone, Simons, Mahoney and Del Vecchio, JJ.

■ In the Matter of THOMAS F. QUINN for Admission to Practice as an Attorney and Counselor at Law.— Application for admission to the Bar denied upon the ground that the applicant has failed to furnish satisfactory proof that he is and has been an actual resident of the State of New York for not less than six months immediately preceding the making of such application, and that his residence has continued until final disposition of such application, as required by CPLR 9406 (subd. [3]), without prejudice to renew upon proof of bona fide residence in New York State in compliance with the requirements of the statute. Present — Marsh, P. J., Moule, Cardamone, Simons and Mahoney, JJ.

# (September 19, 1974)

■ CONCETTA CHRISTOPHER et al., Respondents, v. SALLY DEA, Also Known as MARY E. DEA, et al., Appellants.— Order unanimously reversed, without costs,